## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTINE KUTZ,<br><br>     Plaintiff,<br><br> v.<br><br>CARGILL COCOA & CHOCOLATE, INC.,<br><br>     Defendant. | Case No..: _____<br><br><br><br>**JURY TRIAL DEMANDED**<br><br>*Electronically Filed* |

## THIS FIRM IS A DEBT COLLECTOR AND WE ARE ATTEMPTING TO COLLECT A DEBT OWED TO OUR CLIENTS.  ANY INFORMATION OBTAINED FROM YOU WILL BE USED FOR THE PURPOSE OF COLLECTING THE DEBT.

### <u>COMPLAINT</u>

CHRISTINE KUTZ ("Ms. Kutz" or "Plaintiff") by and through undersigned counsel, Weisberg Cummings, P.C., hereby files this Complaint ("Complaint") against CARGILL COCOA & CHOCOLATE, INC. ("Defendant"), and alleges violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.101 *et seq.* ("PMWA"), and the Pennsylvania Wage Payment and Collection Law, 43 P.S.



**UNITED STATES COURT OF APPEALS**
**FOR THE THIRD CIRCUIT**

CHAMBERS OF

CHIEF JUDGE D. BROOKS SMITH

ALLEGHENY PROFESSIONAL CENTER
1798 PLANK ROAD
SUITE 203
DUNCANSVILLE, PA 16635
(814) 693-0570

January 30, 2019

(via email)

Honorable Juan R. Sánchez
Chief Judge, United States District Court
for the Eastern District of Pennsylvania
11614 U.S. Courthouse
Philadelphia, PA 19106

RE:     Intracircuit Assignment:
        Antonello Boldrini, et al. v. Joseph P. Giovannini, et al.
        M.D. Pa Civil Action No. 3:18-cv-02313

Dear Juan:

Thank you for accepting the designation in the above-referenced action. By copy
of this letter, I ask that the Clerk of Court for the Middle District of Pennsylvania docket
the enclosed designation Order.

Sincerely,

D. Brooks Smith
Chief Judge

cc:     Chief Judge Christopher C. Conner
        Peter J. Welsh, Acting Clerk of Court
        Kate Barkman, Clerk of Court
        Margaret A. Wiegand, Circuit Executive

§ 260.1 *et seq.* ("PWPCL"), as well as common law claims of conversion and unjust enrichment, as follows:

## PARTIES

1.    Ms. Kutz was employed as a Food Safety Quality & Regulatory Technologist with Defendant from on or about April 20, 2015, to in or about April 2018. Ms. Kutz is a resident of the Commonwealth of Pennsylvania, residing at 1180 Sheep Hill Road, New Holland, Lancaster County, Pennsylvania.

2.    At all times relevant to this Complaint, Ms. Kutz was an "employee" of Defendant for purposes of the FLSA, PMWA, and PWPCL, and was an individual employee engaged in commerce as required by the FLSA, 29 U.S.C. §§ 206 and 207.

3.    Defendant is a Delaware business corporation with its headquarters located at 15401 McGinty Road West, Wayzata, Hennepin County, Minnesota.

4.    At all times relevant to this Complaint, Defendant has been engaged in the food processing and manufacturing industry at multiple facilities across Pennsylvania, including 400 Stony Creek Road, Hazle Township, Luzerne County, and 201 West Lincoln Avenue, Lititz, Lancaster County.

5.    At all times relevant to this Complaint, Defendant has been an employer within the meaning of the FLSA, PMWA, and PWPCL.

6.     At all times relevant to this Complaint, Defendant has been an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

7.     At all times relevant to this Complaint, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA because it has engaged employees in commerce.   29 U.S.C. § 203(s)(1).

8.     Defendant has had, and continues to have, an annual gross income of sales made or business done of not less than $500,000.   29 U.S.C. § 203(s)(1).

## JURISDICTION AND VENUE

9.     The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions.   Subject matter jurisdiction over Plaintiff's claims arises under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

10.    The PMWA and PWPCL each provide for a private right of action to enforce their provisions.    This Court has supplemental jurisdiction over Pennsylvania state law claims pursuant to 28 U.S.C. § 1367.

11.    Venue in this district is proper under 28 U.S.C. § 1391(b) and (c), because Defendant does business in this district, operates a business facility in this district, and substantial unlawful conduct giving rise to the claims set forth in this Complaint occurred in this district.

## BACKGROUND

12.     Plaintiff was a Food Safety Quality & Regulatory Technologist at Defendant and was not paid overtime wages during the limitations period.

13.     Pertinently, when Ms. Kutz was hired on or around April 20, 2015, Defendant had classified her as a "non-exempt" employee for FLSA purposes.

14.     In or around August 2015, Defendant reclassified Ms. Kutz's position as "exempt," though neither the position nor its requirements had changed.

15.     Subsequent to a restructure in or around April 2018, Defendant reclassified the Food Safety Quality & Regulatory Technologist position as "non-exempt," though – again – neither the position nor its requirements had changed.

16.     Defendant has willfully violated the FLSA, related federal regulations, and Pennsylvania wage and hour laws through its failure to properly pay Plaintiff for all overtime hours she has worked.  In particular, Plaintiff often worked in excess of forty (40) hours per week, and in such cases, Defendant did not pay Plaintiff additional compensation of, at least, the legally mandated rate.  Specifically, Defendant forced Plaintiff to work beyond her shift end time without pay.  Defendant knew and has been aware at all times that Plaintiff regularly worked in excess of forty (40) hours per week, and yet failed to pay her for all overtime hours she worked.

4

17.     In addition to the above violations of federal and state laws, Defendant's above actions constitute a breach of an oral contract, or in the alternative, unjust enrichment.

18.     The books and records of Defendant are material to Plaintiff's case as they disclose the hours worked and wages paid to Plaintiff.

## COUNT I

### VIOLATIONS OF THE FLSA
### (Overtime)

19.     All prior paragraphs are incorporated herein as if set forth fully below.

20.     At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201, *et seq.*

21.     Plaintiff was an "employee" and Defendant her "employer," covered under Section 203 of the FLSA.

22.     The FLSA regulates, among other things, the payment of overtime to employees who are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.  29 U.S.C. § 207(a)(1).

23.     Section 13 of the FLSA exempts certain categories of employees from overtime pay obligations.  None of the FLSA exemptions apply to Plaintiff.  29 U.S.C. § 213.

24.     As set forth above, Defendant failed to pay Plaintiff the required one and one-half times (1½) times for each hour worked in excess of forty (40) hours in a workweek, in violation of 29 U.S.C. §§ 207(a) and 215(a)(2).  Overtime pay is, therefore, due and owing to Plaintiff.

25.     Defendant's failures to pay Plaintiff overtime at one and one-half times (1½) times Plaintiff's regular rate of pay for all hours worked over forty (40) hours in a workweek was willful, intentional, and malicious.

26.     Defendant violated the FLSA by failing to pay for overtime.  In the course of perpetrating these unlawful practices, Defendant also willfully failed to keep accurate records of all hours worked by its employees.

27.     Plaintiff is entitled to damages incurred within the three (3) years preceding the filing of the Complaint, plus periods of equitable tolling, because Defendant acted willfully and knew, or showed reckless disregard for, whether its conduct was prohibited by the FLSA.

28.     Defendant has not acted in good faith or with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay permitted by 29 U.S.C. § 216(b).  Alternatively, should the Court find Defendant did not act willfully in

failing to pay overtime pay, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

29.    As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiff.  Accordingly, Defendant is liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Christine Kutz, respectfully request that this Honorable Court enter Judgment in her favor and against Defendant, Cargill Cocoa & Chocolate, Inc., as follows:

(a)    Enter judgment in favor of Plaintiff and against Defendant for violations of the FLSA's overtime requirements:

(b)    Award Plaintiff her unpaid overtime wages, in an amount to be shown at trial;

(c)    Award Plaintiff an additional equal amount as liquidated damages;

(d)    Award Plaintiff pre- and post-judgment interest at the legal rate;

(e)    Award Plaintiff her costs and reasonable attorneys' fees in bringing this action;

(f)    Enter an Order enjoining Defendant from future violations of the overtime wage provisions of the FLSA; and

7

(g)    Award Plaintiff any other relief this Court or a jury deems appropriate.

## COUNT II

### VIOLATIONS OF THE PMWA
### (Overtime)

30.    All prior paragraphs are incorporated herein as if set forth fully below.

31.    Defendant is an "employer" as that term is defined under the PMWA, 43 Pa.C.S. § 333.103(g), and is thereby subject to liability for overtime wages, liquidated damages and reasonable attorneys' fees and other costs for non-payment of salary and/or wages under the PMWA, 43 Pa.C.S. § 333.101 *et seq.*

32.    As set forth above, Defendant violated the overtime provisions of the PMWA as it failed to pay Plaintiff the required one and one-half times (1½) times for each hour worked in excess of forty (40) hours in a workweek, in violation of 43 Pa.C.S. § 333.104(c).  Overtime pay is, therefore, due and owing to Plaintiff.

33.    As set forth above, Defendant further violated the PMWA through its failures to properly inform Plaintiff of the applicable sections of the PMWA, which has prevented Plaintiff from retaining all wages owed.  43 Pa.C.S. § 333.103(d)(1).

34.    Defendant's failures to pay Plaintiff overtime at one and one-half times (1½) times Plaintiff's regular rate of pay for all hours worked over forty (40) hours in a workweek and to properly inform Plaintiff of the applicable sections of the PMWA was willful, intentional, malicious, and not in good faith.

8

35.     The total amount of compensation due to Plaintiff by Defendant constitutes wages under 43 Pa.C.S. § 333.103(d), and failure to pay the amount due constitutes a violation of the PMWA.

36.     Defendant's failure and refusal to pay overtime wages was willful, intentional, and not in good faith.

WHEREFORE, Christine Kutz, respectfully request that this Honorable Court enter Judgment in her favor and against Defendant, Cargill Cocoa & Chocolate, Inc., as follows:

(a)     Enter judgment in favor of Plaintiff and against Defendant for violations of the PMWA's overtime requirements;

(b)     Award Plaintiff her unpaid overtime wages during the applicable statute of limitations period, in an amount to be shown at trial;

(c)     Award Plaintiff liquidated damages as provided under Pennsylvania law;

(d)     Award Plaintiff pre- and post-judgment interest at the legal rate;

(e)     Award Plaintiff her costs and reasonable attorneys' fees in bringing this action;

(f)     Enter an Order enjoining Defendant from future violations of the overtime provisions of the PMWA; and

(h)     Award Plaintiff any other relief this Court or a jury deems appropriate.

## COUNT III

### VIOLATIONS OF THE PWPCL
### (Failure to Pay Full Overtime Wages)

37.     All prior paragraphs are incorporated herein as if set forth fully below.

38.     Defendant is an "employer" as that term is defined under the PWPCL, and is thereby subject to liability for wages, liquidated damages and reasonable attorneys' fees for non-payment of salary and/or wages under the PWPCL, 43 Pa.C.S. § 260.1, *et seq*.

39.     Plaintiff is entitled to be paid one and one-half times (1½) times her regular rate of pay for all hours worked in excess of forty (40) in a workweek, as provided by, *inter alia*, 29 U.S.C. § 207(a) and 43 Pa.C.S. § 333.104(c).  The failure to pay said wages constituting a violation of the FLSA and PMWA.

40.     Defendant has failed to pay Plaintiff one and one-half times (1½) times her regular rate of pay for all hours worked in excess of forty (40) in a workweek, in violation of the FLSA and PMWA.  Accordingly, wages in the form of overtime pay are due and owing to Plaintiff pursuant to Section 260.3(a) of the PWPCL.  Further, Defendant has violated the PWPCL through its failure to pay Ms. Kutz all wages due for work she performed upon her termination of employment pursuant to Section 260.5(a) of the PWPCL.

41.    The total amount due to Plaintiff by Defendant constitutes wages under Section 260.2a. of the PWPCL, and failure to pay the amount due constitutes a violation of the PWPCL.

42.    In accordance with Section 260.10 of the PWPCL, by reason of Defendant's actions, Plaintiff is entitled to liquidated damages in an amount equal to twenty-five percent (25%) of the wages due in addition to all wages due.

43.    In accordance with Section 260.9a of the PWPCL, by reason of Defendant's actions, Plaintiff is entitled to reasonable attorneys' fees associated with this action.

44.    The wages withheld from Plaintiff were not the result of any bona fide dispute.

WHEREFORE, Christine Kutz, respectfully request that this Honorable Court enter Judgment in her favor and against Defendant, Cargill Cocoa & Chocolate, Inc., as follows:

(a)    Enter judgment in favor of Plaintiff and against Defendant for failing to pay wages in violation of the PWPCL;

(b)    Award Plaintiff liquidated damages in an amount equal to twenty-five percent (25%) of the wages due in addition to all wages due, in an amount to be shown at trial;

(c)    Award Plaintiff pre- and post-judgment interest at the legal rate;

11

(d)    Award Plaintiff her costs and reasonable attorneys' fees in bringing this action;

(e)    Enter an Order enjoining Defendant from future violations of the wage provisions of the PWPCL; and

(f)    Award Plaintiff any other relief this Court or a jury deems appropriate.

**COUNT IV**

**BREACH OF ORAL CONTRACT**

45.    All prior paragraphs are incorporated herein as if set forth fully below.

46.    The relevant time period for this cause of action begins at least four (4) years before the date on which the Complaint was filed.

47.    At different times, Defendant, through its employees/managers and/or agents, made oral offers of employment to Plaintiff, i.e., that Plaintiff would be paid at a fixed hourly rate for all work performed on behalf of Defendant.

48.    Plaintiff, in justifiable reliance upon Defendant's oral promises to pay her for all time worked on behalf of Defendant, accepted Defendant's oral offers of employment.

49.    Pursuant to her oral agreement with Defendant, Plaintiff performed work as Food Service Quality & Regulatory Technologist on behalf of and for the benefit of Defendant during the period, before, during and/or after her paid shift.

50.     However, Defendant breached its oral contract with Plaintiff by deliberately failing to pay Ms. Kutz for all hours worked on behalf of Defendant.

51.     Accordingly, Plaintiff is entitled to judgment in an amount equal to the time worked on behalf of Defendant.

WHEREFORE, Christine Kutz, respectfully request that this Honorable Court enter Judgment in her favor and against Defendant, Cargill Cocoa & Chocolate, Inc., as follows:

(a)     Enter judgment in favor of Plaintiff and against Defendant for failing to pay wages in breach of their oral contract;

(b)     Award Plaintiff pre- and post-judgment interest at the legal rate;

(c)     Award Plaintiff her costs and reasonable attorneys' fees in bringing this action;

(d)     Enter an Order enjoining Defendant from future breach of these oral contract(s); and

(e)     Award Plaintiff any other relief this Court or a jury deems appropriate.

13

## COUNT V

### UNJUST ENRICHMENT

52.     All prior paragraphs are incorporated herein as if set forth fully below.

53.     Defendant's willful decision not to pay overtime wages conferred a benefit upon Defendant, who as Defendant, retained a monetary benefit from not having to pay these wages.

54.     Defendant appreciates and knows of the benefit conferred upon it by requiring Plaintiff to work in excess of forty (40) in a workweek without paying overtime wages.

55.     Defendant has accepted and retained the benefit of the overtime wages it unlawfully withheld from Plaintiff.   Defendant's wrongful acceptance and retention of such monies makes it inequitable for it to retain the benefit of these monies without paying these overtime wages to Plaintiff.

WHEREFORE, Christine Kutz, respectfully request that this Honorable Court enter Judgment in her favor and against Defendant, Cargill Cocoa & Chocolate, Inc., as follows:

(a)     Enter judgment in favor of Plaintiff and against Defendant for unjust enrichment;

(b)     Award Plaintiff damages in the form of the monies for the hours she was required to work in excess of forty (40) hours per week without

14

being paid at overtime rates during the applicable statute of limitations period, in an amount to be shown at trial;

(c)    Award Plaintiff pre- and post-judgment interest at the legal rate;

(d)    Award Plaintiff her costs and reasonable attorneys' fees in bringing this action; and

(e)    Award Plaintiff any other relief this Court or a jury deems appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable to a jury as a matter of right.

Respectfully submitted,

Weisberg Cummings, P.C.

January 31, 2019
Date

/s/ Steve T. Mahan
Steve T. Mahan
Bar I.D. No.: PA 313550
smahan@weisbergcummings.com

/s/ Derrek W. Cummings
Derrek W. Cummings
Bar I.D. No.: PA 83286
dcummings@ weisbergcummings.com

/s/ Larry A. Weisberg
Larry A. Weisberg
Bar I.D. No.: PA 83410
lweisberg@ weisbergcummings.com

15

/s/ Stephen P. Gunther
Stephen P. Gunther
Bar I.D. No.:  PA 324203
sgunther@ weisbergcummings.com

2704 Commerce Drive, Suite B
Harrisburg, PA 17110-9380
(717) 238-5707
(717) 233-8133 (FAX)

*Counsel for Plaintiff*