# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTINE KUTZ, <br>     Plaintiff, <br> v. <br> CARGILL COCOA & <br> CHOCOLATE, INC., <br>     Defendant. | No. 3:19-cv-00176 <br> Judge Robert D. Mariani |

## BRIEF IN SUPPORT OF
## DEFENDANT'S MOTION TO DISMISS THE COMPLAINT IN PART

COZEN O'CONNOR

Vincent Candiello, Esq. (PA 49616)
17 North Second Street, Suite 1410
Harrisburg, PA 17101
Telephone: (717) 773-4200
Facsimile: (267) 507-1570
Email: vcandiello@cozen.com

Jason A. Cabrera (PA 315804)
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Telephone: (215) 665-7267
Facsimile: (215) 253-6797
Email: jcabrera@cozen.com

*Attorneys for Defendant*
*Cargill Cocoa & Chocolate, Inc.*

# TABLE OF CONTENTS

Page

I. Introduction ............................................................................................................. 1
II. Procedural History .................................................................................................. 2
III. Statement of Facts .................................................................................................. 2
IV. Statement of the Questions Involved ..................................................................... 4
V. Standard of Review ................................................................................................ 5
VI. Argument ................................................................................................................ 5
    A. Ms. Kutz Fails to State a Claim for Violation of the Wage Payment and Collection Law (Count III) Because She Fails to Plausibly Allege Any Contract With Cargill And Relies Exclusively Upon Alleged Statutory Violations To Pay Overtime. ........................................................................................... 5
    B. Ms. Kutz's Claims for Breach of Contract and Unjust Enrichment Are Preempted By Federal Law ......................................... 9
VII. Conclusion ............................................................................................................ 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

Anderson v. Sara Lee Corp.,
 508 F.3d 181 (4th Cir. 2007) ............................................................................. 9

Ashcroft v. Iqbal,
 556 U.S. 662 (2009) .......................................................................................... 4

Bell Atlantic Corp. v. Twombly,
 550 U.S. 544 (2007) .......................................................................................... 4

Formica v. US Environmental, Inc.,
 2018 WL 3374764 (E.D. Pa. July 11, 2018) ................................................ 9, 10

Glover v. C & Z Construction Servs., LLC,
 2017 WL 3279164 (M.D. Pa. Aug. 2, 2017) (Jones, J.) ................................ 6, 7

Gutwirth v. Woodford Cedar Run Wildlife Refuge,
 38 F. Supp. 3d 485 (D.N.J. 2014) ................................................................ 9, 10

Kaymark v. Bank of Am., N.A.,
 783 N.3d 168, 182 (3d Cir. 2015) ..................................................................... 6

Oxner v. Cliveden Nursing & Rehab. Ctr. PA, L.P.,
 132 F. Supp. 3d 645 (E.D. Pa. 2015) ....................................................... 5, 6, 7, 8

Santiago v. Warminster Twp.,
 629 F.3d 121 (3d Cir. 2010) ......................................................................... 4, 5

**Statutes**

Fair Labor Standards Act ............................................................................. *passim*

Pennsylvania Minimum Wage Act ............................................................... 1, 2, 4

Pennsylvania Wage Payment and Collection Law, 43 Pa. C.S. § 260.1 ....... 1, 2, 4, 5

**Other Authorities**

Local Rule 7.5 ...................................................................................................... 1

Pursuant to Local Rule 7.5, Cargill Cocoa & Chocolate, Inc. (Cargill) submits the following brief in support of its motion to dismiss Counts III, IV, and V of the Complaint filed by Christine Kutz.

I.   **Introduction**

In a sparse Complaint with only seven paragraphs of "Background" facts before five, separate, statutory and common-law counts, Ms. Kutz generally asserts that Cargill failed to pay her "overtime wages during the limitations period." Compl. at ¶ 12.  Ms. Kutz alleges a violation of the Pennsylvania Wage Payment and Collection Law ("WPCL") in Count III, but she fails to include allegations that plausibly allege an express or implied contractual relationship between herself and Cargill.  Instead, Ms. Kutz supports her claim in Count III with reference to the overtime she alleges she was due under the Fair Labor Standards Act ("FLSA") and the Pennsylvania Minimum Wage Act ("PMWA").  The WPCL, however, does not enforce the statutory obligation to pay wages; only contractual obligations.  Accordingly, Count III fails as a matter of law.

Ms. Kutz's common-law claims—breach of contract (Count IV) and unjust enrichment (Count V)—are both based on the exact same facts and circumstances that form the basis of her federal statutory claim under the FLSA.  These common-law claims, therefore, are preempted by federal law.

Cargill has moved to dismiss Counts III, IV, and V for failure to state a claim; for reasons that follow, its motion to dismiss should be granted.

## II. Procedural History

On January 31, 2019, Ms. Kutz filed a five-count Complaint against Cargill. (ECF No. 1.) She asserts a claim for unpaid overtime arising under the FLSA (Count I), and its Pennsylvania counterpart, the PMWA (Count II).[1] In Count III, Ms. Kutz asserts a claim under the WPCL, 43 Pa. C.S. § 260.1, for "failure to pay full overtime wages." (Complaint ¶ 37-44 & p. 10.) In Count IV, Ms. Kutz asserts a claim for "breach of oral contract." (*Id.* at ¶ 45-51 & p. 12.) Finally, Count V contains Ms. Kutz's claim of unjust enrichment. (*Id.* at ¶ 52-55.)

By Order dated April 1, 2019, the Court extended the deadline for Cargill to move, answer, or otherwise respond to the Complaint to April 15, 2019. (ECF No. 8.) Cargill has timely moved against the Complaint in part contemporaneous with the filing of this Brief.

## III. Statement of Facts[2]

Ms. Kutz alleges that she was employed by Cargill as a Food Safety Quality & Regulatory Technologist from April 2015, to April 2018. (Complaint at ¶ 1.) She alleges that she was initially classified as "non-exempt" for FLSA purposes until August 2015, when she then was classified as "exempt, though neither the position nor the requirements had changed." (*Id.* at ¶ 13 & 14.) After restructuring

---

[1] Cargill does not seek to dismiss Counts I and II of the Complaint.

[2] The facts included in this section are taken from the allegations set forth in Ms. Kutz's Complaint.

2

in April 2018, Ms. Kutz alleges her position was re-classified to return to a "non-exempt" role, again with no change in the position or requirements. (*Id.* at ¶ 15.)

The remainder of Plaintiff's factual allegations are sparse. She alleges that she "often worked in excess of forty (40) hours per week, and in such cases, Defendant did not pay Plaintiff additional compensation of, at least, the legally mandated rate." (*Id.* at ¶ 16.) The Complaint does not allege whether Ms. Kutz's claim is limited to the period of time from August 2015, to April 2018, when she was purportedly classified as "exempt," or is for a larger period of time. Ms. Kutz further claims that "Defendant forced Plaintiff to work beyond her shift end time without pay." (*Id.*) Although the Complaint does not allege whether Ms. Kutz was paid in any way for working "beyond her shift end time," the Complaint next alleges that "Defendant knew and has been aware…that Plaintiff regularly worked in excess of forty (40) hours per week, and yet failed to pay her for all overtime hours she worked." (*Id.*)

Ms. Kutz alleges that, "in addition" to the alleged violations of federal and state law contained in Paragraph 16 of the Complaint, "Defendant's above actions constitute a breach of an oral contract, or in the alternative, unjust enrichment." (*Id.* at ¶ 17.) The Complaint does not set forth any allegations about an oral contract, including when or with whom it was allegedly made, or what its terms allegedly were. (*See generally id.*)

3

## IV. Statement of the Questions Involved

The questions posed by Cargill's motion are as follows:

(A) Should Cargill's motion to dismiss Count III be granted when Ms. Kutz fails to plausibly allege an express or implied contract with Cargill and, instead, bases her claim for violation of the WPCL only upon the alleged failure to pay overtime required by the FLSA and the PMWA?

*Suggested Answer: Yes.*

(B) Should Cargill's motion to dismiss Count IV be granted when Ms. Kutz's claim for breach of oral contract is based only on the same facts and circumstances that form the basis of her claims under the FLSA and, therefore, is preempted by the FLSA?

*Suggested Answer: Yes.*

(C) Should Cargill's motion to dismiss Count V be granted when Ms. Kutz's claim for unjust enrichment is based only on the same facts and circumstances that form the basis of her claims under the FLSA and, therefore, is preempted by the FLSA?

*Suggested Answer: Yes.*

V. **Standard of Review**

The applicable law when reviewing a motion to dismiss for failure to state a claim is well known. In order to enforce the Supreme Court's decisions in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Third Circuit requires district courts to engage in a three-step process. Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010). First, the court must take note of the elements a plaintiff must plead to state a claim. *Id.* (citations omitted). Second, the court should identify allegations that are not entitled to the assumption of truth because they are no more than conclusions. *Id.* (citations omitted). Third, the court should assume the veracity of the remaining well-pleaded factual allegations and determine whether they plausibly give rise to an entitlement for relief. *Id.* (citations omitted).

VI. **Argument**

  A. **Ms. Kutz Fails to State a Claim for Violation of the Wage Payment and Collection Law (Count III) Because She Fails to Plausibly Allege Any Contract With Cargill And Relies Exclusively Upon Alleged Statutory Violations To Pay Overtime.**

Ms. Kutz purports to state a claim for violation of the WPCL in Count III of the Complaint, but she fails to support that claim with sufficient factual allegations. Instead, Ms. Kutz relies exclusively upon Cargill's alleged failure to comply with the overtime pay requirements of the FLSA. But an essential element of a claim under the WPCL is the existence of a contract between an employee and employer;

a WPCL claim cannot rely merely on a statutory failure to pay wages. Accordingly, Ms. Kutz's claim in Count III must be dismissed.

The WPCL "does not create a right to compensation; it provides a statutory remedy when the employer breaches a contractual obligation to pay earned wages." Oxner v. Cliveden Nursing & Rehab. Ctr. PA, L.P., 132 F. Supp. 3d 645, 648 (E.D. Pa. 2015) (quoting De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 309 (3d Cir. 2003)); accord Glover v. C & Z Construction Servs., LLC, 2017 WL 3279164 at *5 (M.D. Pa. Aug. 2, 2017) (Jones, J.) ("'To present a wage-payment claim, the employee must aver a contractual entitlement to compensation from wages and a failure to pay that compensation.' Braun v. Wal-Mart Stores, Inc., 24 A.3d 875, 954 (Pa. Super. 2011))."). "The contract between the parties governs in determining whether specific wages are earned." Oxner, 132 F. Supp. 3d at 648.

If no written employment contract exists, "the employee will have to establish the formation of an implied oral contract to recover wages under the WPCL." *Id.* "To allege a breach of contract in Pennsylvania, a plaintiff must show (1) the existence of a contract, including its essential terms; (2) a breach of a duty imposed by the contract; and (3) resultant damages." Kaymark v. Bank of Am., N.A., 783 N.3d 168, 182 (3d Cir. 2015) (internal citations and quotation marks omitted).

In Oxner, the plaintiff had sufficient facts to state a WPCL claim for non-overtime pay based on an implied promise, but the court found the plaintiff "cannot maintain a plausible WPCL claim for overtime pay without alleging any facts demonstrating that Defendants intended to obligate themselves to pay [plaintiff] more than her agreed-upon regular wage...." *Id.* at 651. In addition, the court dismissed plaintiff's bare allegation that she was entitled to pay for her hours worked over forty as "a legal conclusion couched as a fact" which the court would not give credence." *Id.* at 650. In Glover, the plaintiff alleged that the truck he had been given to use by his former employer was a form of remuneration under the WPCL, but this Court dismissed the WPCL claim because the plaintiff did not have any allegations that "his right to the truck is pursuant to an agreement...either through a written or oral contract." 2017 WL 3279164 at *5.

Here, Ms. Kutz has advanced no allegations sufficient to plausibly suggest an oral contract between herself and Cargill that can support her WPCL claim. The Complaint does not include *any* facts that suggest the contract's existence or its essential terms, as Klaymark requires. There are no factual allegations to support even the most basic elements of a contract: offer, acceptance, or consideration.

At most, the Complaint makes conclusory allegations that "Defendant, through its employees/managers and/or agents, made oral offers of employment to

7

Plaintiff, i.e., that Plaintiff would be paid at a fixed hourly rate for all work performed on behalf of Defendant."[3] Complaint at ¶ 47. This vague allegation, which is a legal conclusion not entitled to a presumption of truth, fails to plausibly suggest what is required under Klaymark and Oxner—allegations that show "the existence of a contract, including its essential terms" (or even an implied contract), as well as allegations "that demonstrate that Defendant intended to obligate itself to pay [Ms. Kutz] more than her agreed-upon regular wage." Without those allegations, Ms. Kutz's Count III WPCL claim fails.

Moreover, the Complaint actually states that the entire basis for the WPCL claim is Plaintiff's allegation that Cargill failed to pay overtime in accordance with the FLSA and the PMWA. See Complaint at ¶ 17 ("In addition to the above violations of federal and state laws, Defendant's above actions constitute a breach of an oral contract....."). Ms. Kutz, therefore, makes clear in Count III that her WPCL claim is based upon the alleged *statutory* failure to pay overtime:

> Defendant has failed to pay Plaintiff one and one-half (1½) times her regular rate of pay for all hours worked in excess of forty (40) in a workweek, in violation of the FLSA and PMWA. Accordingly, wages in the form of overtime pay are due and owing to Plaintiff pursuant to Section 260.3(a) of the PWPCL....

---

[3] Notably, the allegation that Plaintiff would be paid a fixed hourly rate for work fundamentally contradicts Plaintiff's allegation that Cargill classified her as exempt, which requires payment on a salary basis and without regard to the number of hours worked by the employee in a particular workweek.

8

Complaint at ¶ 40.

As Oxner and other cases have held, a plaintiff cannot state a WPCL claim based only upon an alleged statutory violation to pay wages—an essential element of a WPCL claim is a *contractual* agreement (written or oral) between the plaintiff and defendant. Because the entire basis for Ms. Kutz's claimed violation of the WPCL is a failure to pay wages due under a statute and not a contract, Ms. Kutz has not stated a WPCL claim as a matter of law. Count III should be dismissed.

> B.  Ms. Kutz's Claims for Breach of Contract and Unjust Enrichment Are Preempted By Federal Law

Ms. Kutz purports to state a claim for breach of oral contract and, alternatively, for unjust enrichment under Pennsylvania common law. But the entirety of these claims are based upon the same facts and circumstances that give rise to Ms. Kutz's claims under the FLSA. Accordingly, both of these claims are preempted by federal law. Counts IV and V, therefore, should be dismissed with prejudice.

Unlike state statutory claims, state common-law claims are preempted by the FLSA. Formica v. US Environmental, Inc., 2018 WL 3374764 (E.D. Pa. July 11, 2018); *accord* Gutwirth v. Woodford Cedar Run Wildlife Refuge, 38 F. Supp. 3d 485, 489 (D.N.J. 2014) ("[T]he [c]ourt concludes that the FLSA preempts Plaintiff's proposed unjust enrichment claim because Plaintiff's FLSA overtime claim and proposed unjust enrichment claim rest upon the identical predicate:

9

specifically, Defendants' alleged failure to provide appropriate overtime compensation.").

In Formica, the court decided to "adopt the reasoning of the Fourth Circuit [in Anderson v. Sara Lee Corp., 508 F.3d 181 (4th Cir. 2007)]" after finding that the Third Circuit "has noted approvingly" of the holding in Anderson. 2018 WL 3374764 at *2 (citing Knepper v. Rite Aid Corp., 675 F.3d 249, 263 (3d Cir. 2012) where the Third Circuit wrote that the "[Anderson] court sensibly declined to allow the plaintiffs to use state non-labor laws to enforce the substantive provisions of the FLSA…"). The Formica court, after finding that the plaintiff's "state law breach of contract and unjust enrichment claims arise out of the same core facts as the FLSA claims," *id.*, and that the "FLSA provides a remedy for all of [plaintiff's] claims," *id.* at *3, then held the plaintiff's "common law claims are preempted." *Id.*

Here, Ms. Kutz's claim for breach of oral contract in Count IV and unjust enrichment in Count V are based entirely and exclusively on the same set of core facts that form the basis of Ms. Kutz's FLSA claim. Count IV alleges that Ms. Kutz performed work for Cargill and that Cargill breached the alleged oral contract "by deliberately failing to pay Ms. Kutz for all hours worked." *See* Complaint at ¶¶ 49-50. Count V alleges that Cargill made a "willful decision not to pay overtime wages" and that Cargill "accepted and received the benefit of the overtime wages it unlawfully withheld." *See id.* at ¶¶ 53-55.

10

Just as in <u>Formica</u>, "there are no additional facts necessary to make out the FLSA claim," and Ms. Kutz "need not prove any more facts to establish [her] state law claims than [s]he does to prove [her] FLSA claim." 2018 WL 3374764 at *2; <u>see also</u> <u>Gutwirth</u>, 38 F. Supp. 3d at 491-92 (dismissing state-law claims of breach of contract and unjust enrichment as preempted because they "stem[] from the same set of facts and circumstances that give rise to the FLSA overtime claim and indeed, expressly relies upon the facts proffered in connection with Plaintiff's FLSA overtime claim"). Accordingly, the common-law claims in Counts IV and V should be dismissed with prejudice.

## VII. <u>Conclusion</u>

For any and all of the reasons set forth in this brief, the Court should dismiss Count III, Count IV, and Count V of the Complaint.

Dated: April 12, 2019

Respectfully submitted,

**Cozen O'Connor**

<u>/s/Vincent Candiello</u>
Vincent Candiello, Esq. (PA 49616)
17 North Second Street, Suite 1410
Harrisburg, PA 17101
Telephone: (717) 773-4200
Facsimile: (267) 507-1570
Email: vcandiello@cozen.com

*Attorneys for Defendant*
*Cargill Cocoa & Chocolate, Inc.*

## CERTIFICATE OF SERVICE

I, Vincent Candiello, hereby certify that on this 12th day of April, 2019, I caused a true and correct copy of the foregoing **Brief in Support of Defendant's Motion to Dismiss the Complaint in Part** for Failure to State a Claim, to be served electronically on:

> Steve T. Mahan, Esquire
> Weisberg Cummings
> 2704 Commerce Drive, Suite B
> Harrisburg, PA  17110-9380
> smahan@weisbergcummings.com
>
> *Counsel for Plaintiff Christine Kutz*

> /s/ Vincent Candiello
> Vincent Candiello

LEGAL\40689654\2