**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CHRISTINE KUTZ, | : | |
| Plaintiff, | : | No. 3:19-cv-00176 |
| | : | |
| v. | : | Judge Robert D. Mariani |
| | : | |
| CARGILL COCOA & CHOCOLATE, | : | |
| INC., | : | |
| Defendant. | : | |

**JOINT CASE MANAGEMENT PLAN**

Having complied with the meet and confer requirements set forth in the Local

Rules, or with any orders specifically modifying their application in the above-captioned

matter, Plaintiff Christine Kutz ("Kutz") and Cargill Cocoa & Chocolate, Inc. ("Cargill")

(collectively, the "Parties"), by and through their respective attorneys, hereby submit the

following Joint Case Management Plan

**1.   Principal Issues**

1.1   Separately for each party, please give a statement summarizing this case:

**By plaintiff(s):**
Ms. Kutz was hired by Defendant on or around April 20, 2015, as a Food Safety
Quality & Regulatory Technologist; for FLSA purposes, Defendant had classified her as
a "non-exempt" employee.  Throughout her tenure with Defendant, Ms. Kuntz regularly
worked in excess of forty (40) hours per week and was paid overtime wages accordingly.
In or around August 2015, Defendant reclassified Ms. Kutz's position as "exempt,"
though neither the position nor its requirements had changed.  Ms. Kuntz continued to
work well in excess of forty (40) hours per week.  Subsequent to a restructure in or
around April 2018, Defendant reclassified the Food Safety Quality & Regulatory
Technologist position as "non-exempt," though – again – neither the position nor its
requirements had changed.  Ms. Kuntz, therefore, is due overtime wages for those hours
she worked in excess of forty (40) while misclassified.

**By defendant(s):**

Christine Kutz was employed as a Food Safety Quality & Regulatory Technologist with Cargill from about April 2015, to April 2018.  Although Kutz initially was classified and paid as "non-exempt" for FLSA purposes for a period of time, Kutz's duties changed while employed by Cargill which satisfied the requirements to be exempt under the FLSA and Pennsylvania law.  Accordingly, Cargill denies any liability to Kutz for any alleged unpaid overtime.

**1.2     The facts the parties <u>dispute</u> are as follows:**

- All factual issues except those listed below.

    **The facts the parties <u>agree</u> upon are as follows:**

- Plaintiff is an adult individual residing in Lancaster County, Pennsylvania

- Defendant is a corporation headquartered in Hennepin County, Minnesota

- Plaintiff's employment with Defendant was terminated on or about August 30, 2018, for reasons unrelated to the claims underlying this action

**1.3     The legal issues the parties <u>dispute</u> are as follows:**

- Whether Kutz was properly classified as exempt in the latter period of her employment pursuant to the Fair Labor Standards Act and Pennsylvania law

- Whether an implied contract is needed to state a claim under the Wage Payment and Collection Law

- Whether Plaintiff has satisfied the standards required to show that Cargill's actions were willful and intentional and not in good faith

- Whether Plaintiff has satisfied the standards required to obtain equitable tolling of the statute of limitations

- Whether Plaintiff is entitled to prejudgment interest and liquidated damages

- Whether Plaintiff is owed wages for her hours worked in excess of forty (40) per week.

    **The legal issues the parties <u>agree</u> upon are as follows:**
    None.

**1.4    Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:**        None

**1.5    Identify any named parties that have not yet been served:** N/A

**1.6    Identify any additional parties that:**

**plaintiff(s) intends to join:** None

**defendant(s) intends to join:** None

**1.7    Identify any additional claims that:**

**plaintiff(s) intends to add:** None

**defendant(s) intends to add:** None

**2.0    Disclosures**

The undersigned counsel certify that they have made the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) or that they will do so within the time provided by that rule.

**2.1    Separately for each party, list by name and title/position each person whose identity has been disclosed.**

*The parties have not yet made the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1).  However, the parties will make such disclosures within the time provided by that rule.*

**3.0    Early Motions**

Identify any motion(s) whose early resolution would likely have a significant effect either on the scope of discovery or other aspects of the litigation:

| Nature of Motion | Moving Party | Filing Date |
|---|---|---|

**4.0    Discovery**

    **4.1    Briefly describe any discovery that has been completed or is in progress:**

        **By plaintiff(s):** None

        **By defendant(s):** None

    **4.2    Describe any <u>discovery</u> that all <u>parties agree</u> should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):**

- Plaintiff will depose individuals who are identified as potential witnesses. Plaintiff will seek her personnel record from Defendant, as well as the personnel records of other comparator individuals which may be relevant.

- Plaintiff will serve Interrogatories and Requests for Production of Documents on Defendant.

- Defendant will depose Plaintiff, serve interrogatories, serve written document requests, and/or serve requests for admissions to obtain relevant information and materials in Plaintiff's position that address the questions of her job duties and her proper status as exempt under the relevant laws; and the amount of hours she claims to have worked.

    **4.3    Describe any <u>discovery</u> that one or more parties want(s) to conduct but <u>to which another party objects</u>, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:**

- None at this time

    **4.4    Identify any <u>subject area limitations on discovery</u> that one or more parties would like imposed, at the first stage of or throughout the litigation:** None at this time.

    **4.5    For each of the following discovery tools, <u>recommend the per-party or per-side limitation</u> (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits**

**. . . . . . recommended by plaintiff(s) and by defendant(s)):**

**4.5.1  depositions (excluding experts) to be taken by:**

**plaintiff(s):** <u>10</u>          **defendant(s):** <u>10</u>

**4.5.2  interrogatories to be served by:**

**plaintiff(s):** <u>25</u>          **defendant(s):** <u>25</u>

**4.5.3  document production requests to be served by:**

**plaintiff(s):** <u>35</u>          **defendant(s):** <u>35</u>

**4.5.4  requests for admission to be served by:**

**plaintiff(s):** <u>25</u>          **defendant(s):** <u>25</u>

**4.6     Discovery of Electronically Stored Information**

☒ **Counsel certify that they have conferred about the matters addressed in M.D. Pa LR 26.1 and that they are in agreement about how those matters will be addressed in discovery.**

☐ Counsel certify that they have conferred about the matters addressed in M.D. Pa. LR 26.1 and that they are in agreement about how those matters will be addressed in discovery with the following exceptions:

**5.0     Protective Order**

**5.1     If entry of a protective order is sought, attach to this statement a copy of the proposed order. Include a statement justifying the propriety of such a protective order under existing Third Circuit precedent.**

Not sought at this time

**5.2     If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:**

N/A

**6.0     Scheduling**

6.1     Final date for joining additional parties:

5/31/2019 Plaintiff(s)

5/31/2019 Defendant

6.2     Final date for amending pleadings:

5/31/2019 Plaintiff(s)

5/31/2019 Defendant

6.3     All fact discovery commenced in time to be completed by:
        12/6/2019

6.4     All potentially dispositive motions should be filed by:  1/31/2020

6.5     Reports from retained experts due:

from plaintiff(s) by  2/1/2020

from defendant(s) by  3/7/2020

6.6     Supplementations due  3/21/2020

6.7     All expert discovery commenced in time to be completed by  4/15/2020

6.8     This case may be appropriate for trial in approximately:

_____ 240 Days from the filing of the action in this court

_____ 365 Days from the filing of the action in this court

455   Days from the filing of the action in this court

6.9     Suggested Date for the final Pretrial Conference: May 2020

6.10   Trial

6.10.1     Suggested Date for Trial: May 2020

**7.0     Certification of Settlement Authority (All Parties Shall Complete the Certification)**

I hereby certify that the following individual(s) have settlement authority.

For Plaintiff:

Christine Kutz
Name

Plaintiff
Title

*c/o Plaintiff's counsel*

Address

Daytime Telephone

For Defendant:

Michael Wilhelm, Esq.
Name

Employment & Labor Attorney, Cargill
Title

*c/o Defendant's counsel*

Address

Daytime Telephone

**8.0     Alternative Dispute Resolution ("ADR")**

**8.1     Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.**

ADR procedure          N/A
Date ADR to be commenced _____
Date ADR to be completed _____

**8.2    If the parties have been unable to agree on an ADR procedure, but one or more parties believes that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:**

Plaintiff is open to mediation.

Defendant is also open to mediation, but will want to consult further with Plaintiff to determine the most appropriate time and what discovery needs to occur, if any, prior to any mediation being scheduled.

**8.3    If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view: _____**

**9.0    Consent to Jurisdiction by a Magistrate Judge**

Indicate whether all parties agree, pursuant to 28 U.S.C. § 636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:

All parties agree to jurisdiction by a magistrate judge of this court:  __ Y _X_ N.

**If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:** N/A

**10.0   Other Matters**

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

n/a

**11.0    Identification of Counsel**

Counsel shall be registered users of the court's Electronic Case Files System (ECF) and shall file documents electronically in accordance with the Local Rules of Court and the Standing Order RE: Electronic Case Filing Policies and Procedures. Electronic filing is required unless good cause is shown to the Chief Judge why counsel cannot comply with this policy. Any request for waiver of electronic filing must be filed with the Clerk's Office prior to the case management conference. The Chief Judge may grant or deny such request.

Identify by name, address, and telephone number lead counsel for each party. Also please indicate ECF User status below.

Dated: 5/13/2019

Derrek W. Cummings, Esq. (PA 83286)
Steve T. Mahan, Esq. (PA 313550)
Stephen P. Gunther, Esq. (PA 324203)
Larry A. Weisberg, Esq. (PA 83410)
Weisberg Cummings, P.C.
2704 Commerce Drive, Suite B
Harrisburg, PA 17110
717-238-5707
Attorney(s) for Plaintiff(s)
☒ ECF User(s)
☐ Waiver requested (as separate document)
☐ Fed.R.Civ.P.7.1 (statement filed if necessary)*

Dated: 5/13/2019

Vincent Candiello, Esq.
Jason A. Cabrera, Esq.
Cozen O'Connor
17 North Second Street, Suite 1410
Harrisburg, PA 17101
717-773-4200
Attorneys(s) for Defendant(s)
☒ ECF User(s)
☐ Waiver requested (as separate document)
☒ Fed.R.Civ.P.7.1 (statement filed if necessary)*

* Fed.R.Civ.P.7.1 requires a nongovernmental corporate party to file a statement with the initial pleading, first entry of appearance, etc., that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock, or state there is no such corporation.